UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALLIED TRUST INSURANCE CO** | **CASE NO. 2:21-CV-01110** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WILLIAM BURNETT** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is Court is A "Motion to Compel Appraisal, Disqualify Appraiser, and Appoint Umpire" (Doc. 7) filed by Allied Trust Insurance Company ("Allied") wherein Plaintiff, Allied Trust Insurance Company moves to compel the appraisal process outlined in Defendant William Burnett's Allied Trust Policy. In its Complaint for Declaratory Judgment, Allied seeks to enforce its appraisal under the insurance policy's Appraisal Provision and Louisiana Revised Statute 22:1131(F)(2)[1] in order to resolve the dispute at to the extent and value of damages sustained by Defendant.

Allied complains that Defendant failed to designate an appraiser who is registered, competent, impartial and disinterested, arguing the Defendant's named appraiser cannot act in his role, as he was the original public adjuster on the file pursuant to Louisiana Revised Statute 22:1706H(10), and he is not registered as an appraiser in Louisiana in accordance with Louisiana Revised Statute 22:1807.1.

---

[1] Doc. 1.

Defendant designated Travis Alton as his appraiser. Mr. Alton served as the original public adjuster on Defendant's claims and prepared an estimate of damages, upon which Allied's demand for appraisal was based. Allied maintains that pursuant to Louisiana Revised Statute 22:1706H(10), Mr. Alton is not qualified to serve as Defendant's appraiser.

On May 20, 2021, the undersigned ordered Defendant to respond to Allied's Motion to Compel no later than 5/27/2021.[2] Defendant failed to do so.

Appraisal provisions in insurance policies are generally valid and enforceable under Louisiana law. *See, e.g., Dore v. Shelter Mut. Ins. Co.*, 2013 WL 5915141 at * 3 (La. App. 1 Cir. 11/1/13); *So. Fid. Ins. Co. v. Martin*, 2014 WL 12719622 at * 2 (E.D. La. Jan. 3, 2014). "Like any other contract term, the appraisal provision may be waived by conduct inconsistent with invocation of the provision." *Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co.,* 565 F.3d 284, 287 (5th Cir. 2009). The appropriate waiver inquiry generally focuses on whether appraisal was timely invoked. *Id.* at 288. Even where the policy does not set forth a specific time limit for invoking appraisal, the court requires that it be invoked in a reasonable time. *Beasley v. GeoVera Spec. Ins. Co.*, 2013 WL 3187289, at *2 (E.D. La. June 20, 2013).

**IT IS ORDERED** that the Motion to Compel Appraisal is hereby **GRANTED**, and Deputy Special Master Cade Cole is appointed for purposes of the appraisal process. Defendant is to appoint a competent, impartial, and disinterested appraiser as required by

---

[2] Doc. 8.

the Policy and Louisiana Revised Statute § 22:1311(F)(2) within the next seven days and to complete the appraisal process within 30 days thereafter. There will be no stay of proceedings during the appraisal process.

**THUS DONE AND SIGNED** in Chambers on this 1st day of June, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**